IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLAUDE P. LACOMBE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-198-LPS |
| SERGEANT KEVIN R. MCKENNA, et al., | : |
| Defendants. | : |

Claude P. Lacombe, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 9 , 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Claude P. Lacombe ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

On November 11, 2015, Plaintiff was in the common shower area when Defendant Sergeant Kevin R. McKenna ("McKenna") entered the area. McKenna stated that he smelled marijuana and told Plaintiff that if Plaintiff did not implicate who was smoking, he would be moved to segregation and charged with any contraband found in the area. Plaintiff refused to cooperate. Backup arrived, the inmates were strip searched, but no contraband was found on Plaintiff. During McKenna's search of the area, he discovered ash, wire, and white paper. McKenna told Plaintiff that, because he refused to cooperate, he would be charged with found contraband and moved to segregation.

Plaintiff alleges that McKenna falsified a report that he "saw [Plaintiff] smoking" and "witnessed [Plaintiff] destroy evidence of marijuana. (D.I. 3 at 6) Once Plaintiff received the write-up he provided a urine sample, and it tested negative for any drugs. The substance abuse claim was dropped, but Plaintiff was charged with promoting prison contraband and falsifying physical evidence. He was found guilty, appealed, and the appeal was denied.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff alleges that Defendants Lieutenants Larry Savage ("Savage") and Brian Reynolds ("Reynolds") failed to correct McKenna's error after Plaintiff explained to them "a more reasonable theory contrary to McKenna's false statement." (*Id.* at 7) Plaintiff alleges that Savage and Reynolds were part of how he exhausted remedies in place of the disciplinary process. He alleges that Savage and Reynolds violated his right to procedural due process under the Fifth Amendment to the United States Constitution for failing to provide him relief on the remaining write-ups when it was proven that the contraband was found in the common area and not on Plaintiff's person. Plaintiff also alleges that McKenna's actions violated his right to procedural due process. Finally, Plaintiff alleges his right to procedural due process was violated through the introduction false statements in write-ups, thus prejudicing the disciplinary proceedings and, therefore, unjustly punishing him.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306,

315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

To the extent Plaintiff alleges that McKenna authored a false write-up, the claim fails. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. Sept. 27, 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)). There are no allegations that Plaintiff was denied a hearing. To the contrary, he states that the matter was heard, he appealed the guilty finding, and his appeal was denied. Therefore, the Court will dismiss the claim.

Similarly, Plaintiff's procedural due process claim fails. While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71.

Here, Plaintiff complains that McKenna issued a false write-up and that Reynolds and Savage (who apparently presided over the disciplinary hearing) failed to correct McKenna's "error," and that they were part of the "exhaustion of remedies in place of disciplinary process." Plaintiff explains that he considers his appeal of the finding of guilt as part of the administrative exhaustion procedure. As discussed above, there are no allegations that Plaintiff was deprived a disciplinary hearing. Nor are there allegations that even remotely hint at a violation of his procedural due process rights as set forth in *Wolff*. Plaintiff is unhappy with the finding of guilt and what he perceives as a false disciplinary write-up. Based upon the law, Plaintiff's procedural due process rights were not violated and, therefore, his claim is not cognizable as a § 1983 claim under the holding of *Wolff*. Accordingly, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V.  CONCLUSION

For the above reasons, the Court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  Amendment is futile.

An appropriate Order follows.